UNITED STATES DISTRICT COURT
           MIDDLE DISTRICT OF TENNESSEE
                NASHVILLE DIVISION



JERRY W. STEVENS              ]
     Plaintiff,                ]
                               ]
v.                             ]     No. 3:10-1088
                               ]     Judge Campbell
SUMNER COUNTY CRIMINAL JUSTICE ]
CENTER, et al.                 ]
     Defendants.               ]


                     **M E M O R A N D U M**

     The plaintiff, proceeding *pro se*, is an inmate at the Sumner County Criminal Justice Center in Gallatin, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Criminal Justice Center; Dee David Gay, a Criminal Court Judge in Sumner County; Lori Bice, a Court Reporter; and David Doyle, the Public Defender for Sumner County; seeking injunctive relief and damages.

     On May 3, 2010, Doyle, who was apparently representing the plaintiff, informed him of a plea agreement that included serving 11 months and 29 days at 75%, with 98 days of pretrial credit to offset the sentence. The plaintiff accepted the plea agreement.

     He later learned that his sentence did not include the 98 days of pretrial credit. The plaintiff filed a motion to have his sentence reviewed by the court but was "threatened" by Judge Gay with additional time in jail if he insisted on pursuing the review.

     The plaintiff alleges that he is "being held against my will

and being falsely imprisoned and threatened by a high authority such as a judge for only his personal satisfaction."

A prisoner does not state a cognizable claim under 42 U.S.C. § 1983 if a ruling on his claim would necessarily render his continuing confinement invalid or shortened, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994).

For the plaintiff to succeed on his claim, he would have to establish that he is entitled to have his sentence shortened by 98 days. Nowhere in the complaint does it suggest that the plaintiff has already successfully tested the validity of his current sentence in either a state or federal court. Therefore, the plaintiff's claims are not yet cognizable in a § 1983 action.

In the absence of a cognizable claim, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ _____
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ Todd Campbell
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ United States District Judge